# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**RAMAKRISHNAN GANESAN**
3810 Wingleaf Court
Rockville, Maryland 20853

   and

**JHANSI GANESAN**
3810 Wingleaf Court
Rockville, Maryland 20853

   **Plaintiff**

v.

**M & A, INC.**
c/o Superintendent of Corporations
Dept. of Consumer and Regulatory Affairs
Corporations Division
1100 4th Street, S.W., 4th Floor
Washington, DC 20024

   **Defendant**

Case No. _____

## COMPLAINT

The Plaintiffs, Ramakrishnan Ganesan and Jhansi Ganesan, by and through their attorneys, Mark W. Schweitzer, Aaron D. Neal and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sue the defendant, M & A, Inc., and say:

### Parties and Jurisdiction

1. Plaintiffs are natural residents of the State of Maryland.

2. Defendant is believed to be a Delaware corporation that was registered to do business in the District of Columbia.

1

3. The object of this case is the determination of ownership with respect to the real property and improvements commonly known as 1900 Irving Street, Washington, DC 20018 and identified for taxation purposes as Lot 0032 in Square 4207 (the "Property"). Plaintiffs are the record owners of the Property and Defendant may have a claim to ownership of the Property.

4. The amount in controversy in this case is at least $1,478,490.00, that being the tax assessed value of the Property. *See* Busby v. Capital One, N.A., 932 F.Supp.2d 114, 132 (D. D.C. 2013).

5. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1332.

## Facts Common to All Counts

6. In 1967, the Property was transferred to Defendant by deed recorded among the Land Records for the District of Columbia as Instrument No. 1967009940.

7. In 1993, the Property was granted by Arthur Willcher[1] to Arthur L. Willcher as Trustee of the Irving Trust (the "Trust") by deed recorded among the Land Records for the District of Columbia as Instrument No. 9300041430.

8. Plaintiffs have caused a careful search to be made of the land records and that search did not reveal a transfer of the Property from Defendant to Arthur Willcher between 1967 and 1993.

9. In 2007, the Property was granted by the Trust to Plaintiffs by deed recorded among the Land Records for the District of Columbia as Instrument No. 2007089684.

10. Upon information and belief, Defendant has been excluded from using or occupying the Property since at least 1993.

---

[1] Also know of record as Arthur Willchera.

11. Upon information and belief, all of the rents and profits arising from the Property have been paid over to the Trust and its successors since 1993.

12. Upon information and belief, all of the expenses relating to the Property have been paid by the Trust and its successors since 1993.

### Count One
(Declaratory Judgment/Quiet Title)

13. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

14. Arthur Willchera was the rightful owner of the Property in 1993 either by unrecorded deed or as successor/owner/officer of Defendant.

15. The discrepancy between the state of record title and the intended state of title creates a cloud on the title to the Property.

16. Plaintiffs are in actual or constructive possession of the Property.

17. The potential claim by the Defendant with respect to the Property creates an actual, justiciable controversy between the parties with respect to their respective rights and interests in the Property.

18. The Court can fully and finally resolve this dispute by entering a judgment declaring the respective rights and interests of the parties in and to the Property.

WHEREFORE, Plaintiffs demand the entry of a judgment:

    a. Declaring the rights of the parties in and to the Property;

    b. Quieting title in favor of Plaintiffs with respect to the Property;

    c. Declaring that the Defendant has no right, title or interest in the Property; and

    d. Granting such other and further relief as Plaintiffs' cause requires.

## Count Two
(Adverse Possession)

19. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

20. The Trust and its successors (including, but not limited to, Plaintiffs) have been in actual, exclusive, continuous possession of the Property since 1993, a period of more than fifteen (15) years.

21. That possession has been open and notorious, and hostile to any interest claimed by the Defendant.

22. The Trust and its successors have constructed and/or maintained dwellings on the Property, paid the taxes and insurance for the Property, and generally maintained the improvements and grounds of the Property on a continuous, regular basis for more than fifteen (15) years.

23. Plaintiffs (and their predecessors, through tacking) have satisfied the elements of adverse possession and are entitled to a judgment declaring their ownership of the Property.

WHEREFORE, Plaintiffs demand the entry of a judgment:

   a. Quieting title in favor of Plaintiffs with respect to the Property;

   b. Quieting title in favor of LBM with respect to 5042-5052 Meade Street;

   c. Declaring that any right, title or interest that the Defendant had in the Property has been extinguished by adverse possession; and

   d. Granting such other and further relief as Plaintiffs' cause requires.

## Count Three
(Unjust Enrichment/Constructive Trust)

24. Plaintiffs incorporate by reference all prior paragraphs of the Complaint.

25. Plaintiffs used their own funds from maintain and/or improve the Property.

26. The payments made by Plaintiffs with respect to the Property were made openly and obviously, and the Defendants had actual and/or constructive knowledge of the benefit being bestowed on them by virtue of said payments.

27. As a result of Plaintiffs' payments, the Property has increased in value.

28. The Defendant would be unjustly enriched if permitted to retain the benefit of Plaintiffs' payments without either paying Plaintiffs for the value of those payments or providing Plaintiffs with a lien on the Property equivalent to the value of those improvements.

29. Plaintiffs are entitled to a constructive trust and/or award of restitution equal to the value of the improvements to prevent the Estate from being unjustly enriched.

WHEREFORE, Plaintiffs demand the entry of a judgment:

e. Entering a restitution judgment in favor of Plaintiffs in an amount equivalent to the benefit received by the Defendant through the improvements to and/or maintenance of the Property;

f. Declaring that the Property is subject to a constructive trust in favor of the Plaintiffs in an amount equivalent to the benefit received by the Defendant through the improvements to and/or maintenance of the Property; and

g. Granting such other and further relief as Plaintiffs' cause requires.

Respectfully submitted,

McNamee, Hosea, Jernigan, Kim
Greenan & Lynch, P.A.


 /s/  Mark W. Schweitzer
Mark W. Schweitzer - 451459


 /s/   Aaron D. Neal
Aaron D. Neal - 985292
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
Tel.     301-441-2420
Fax     301-982-9450
aneal@mhlawyers.com

*Attorneys for Plaintiffs*